**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SIERRA ORLANDO PROPERTIES, LTD. d/b/a CARIBE ROYALE RESORT SUITES & VILLAS,**

       **Plaintiff,**                    **CASE NO.: 6:07-CV-1434-ORL-22UAM**

    v.

**FIRSTINSURE, INC., STEPHEN CONRAD NOLAN, individually, and d/b/a U.S. INSURANCE NEWS,**

       **Defendants.**

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT FOR BREACH OF CONTRACT**

Defendants, FIRSTINSURE, INC., d/b/a U.S. INSURANCE NEWS ("FirstInsure"), and STEPHEN CONRAD NOLAN (collectively "Defendants"), by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to the Amended Complaint for Breach of Contract filed by Plaintiff, SIERRA ORLANDO PROPERTIES, LTD., d/b/a CARIBE ROYALE RESORT SUITES & VILLAS ("Sierra").  As a general denial, Defendants deny all allegations and implications not specifically admitted herein.

1.    Admitted that Sierra is located in Orange County, Florida.  Without sufficient information at this time regarding whether Sierra is authorized to do business in the State of Florida; hence, denied.

2.    Admitted that FirstInsure does business as U.S. Insurance News.  All remaining allegations and implications are denied.

3. Admitted that Nolan is a resident of Nebraska. All remaining allegations and implications are denied.

3(a). Admitted that venue is proper in Orange County, Florida. Denied that Sierra is owed any monies under the "subject contract."[1]

4. Without sufficient knowledge at this time, thus denied.

5. Admitted.

6. Admitted that FirstInsure entered into a Group Booking Contract drafted by Sierra on or about October 30, 2006, regarding certain suite nights for the period of May 16, 2007, through May 20, 2007, at the Caribe Royale Resort Suites & Villas. All remaining allegations and implications are denied.

7. Denied to the extent the Group Booking Contract attached to the Amended Complaint provides the best evidence of its terms. All remaining allegations and implications are denied.

8. Denied.

9. Denied to the extent the Group Booking Contract attached to the Amended Complaint provides the best evidence of its terms. All remaining allegations and implications are denied.

10. Denied to the extent the Group Booking Contract attached to the Amended Complaint provides the best evidence of its terms. All remaining allegations and implications are denied.

---

[1] Sierra's Amended Complaint contains two paragraphs with the numeral 3.

11. Without sufficient information at this time regarding the extent of Sierra's pre-suit investigation, hence denied that all conditions precedent to the institution of this action have occurred or been performed. All remaining allegations and implications are denied.

12. Denied.

13. Denied to the extent the Group Booking Contract attached to the Amended Complaint provides the best evidence of its terms. All remaining allegations and implications are denied.

14. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Unclean Hands

Sierra's claim for breach of contract is barred by the doctrine of unclean hands due to its own inequitable conduct, including, without limitation, expressly advising FirstInsure to cancel its seminar due to lack of registrants.

### Second Affirmative Defense – Set Off

FirstInsure is entitled to a set-off for any sums paid by any person or entity to Sierra for any portion of the damages sought by Sierra in its Amended Complaint.

### Third Affirmative Defense – Failure to Mitigate

Sierra failed to timely mitigate its alleged damages and is thus precluded from recovering any relief from Defendants in this matter.

### **Fourth Affirmative Defense – Unconscionability**

The liquidated damages provision contained in the Group Booking Contract is an unenforceable penalty provision. *See, e.g., Burzee v. Park Avenue Ins. Agency, Inc.,* 946 So. 2d 1200, 1202 (Fla. 5th DCA 2006) ("If, however, a penalty provision is disguised as a liquidated damages provision, it is unenforceable. The theory is simply that we do not allow one party to hold a penalty provision over the head of the other party "*in terrorem*" to deter that party from breaching a promise.") (internal citations omitted). More specifically, the liquidated damages specified in the Group Booking Contract are grossly disproportionate to any damages that might have been reasonably expected to follow from any breach thereof. By way of example, Sierra's attempt to hold FirstInsure liable for $10,000.00 worth of food and beverage that was never even provided or consumed is clearly unconscionable, especially given that FirstInsure cancelled the Group Booking Contract a month prior to the scheduled start date.

Accordingly, Sierra is estopped from enforcing the invalid liquidated damages provision in the Group Booking Contract against Defendants.

### **Fifth Affirmative Defense – Failure to State a Claim**

Nolan executed the Group Booking Contract as the President of FirstInsure. Hence, Nolan cannot be held personally liable for any breach of the Group Booking Contract. *See Charter Air Center, Inc. v. Miller,* 348 So. 2d 614, 616-17 (Fla. 2d DCA 1977) ("An officer or shareholder of a corporation cannot be held personally liable on a contract unless he signed the contract in his individual

capacity or unless the nature of the corporation was such that the corporate entity should be disregarded such as where it was established or used for fraudulent purposes or where the corporation was merely the alter ego of the shareholder."); *see also Benaja v. Props., Inc. v. Murno,* 603 So. 2d 548, (Fla. 2d DCA 1992) ("While we find no error in the final judgment finding appellant Benaja Properties liable for the brokerage and attorney's fees, we do find error in the final judgment insofar as it found appellants Helman and Young personally liable for those fees.  <u>Appellant Young was a signatory to the commission contract but was not a party to it as he was acting not as an individual but signed specifically as president for appellant Benaja Properties</u>.") (emphasis added).

Accordingly, Sierra's alleged claims against Nolan individually should be dismissed with prejudice.

### **DEFENDANTS' COUNTERCLAIM AGAINST SIERRA ORLANDO PROPERTIES, LTD.**

Defendants, FIRSTINSURE, INC., d/b/a U.S. INSURANCE NEWS ("FirstInsure"), and STEPHEN CONRAD NOLAN (collectively "Defendants"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 13(a), hereby file this Counterclaim against SIERRA ORLANDO PROPERTIES, LTD., d/b/a CARIBE ROYALE RESORT SUITES & VILLAS ("Sierra") and in support thereof states:

### **JURISDICTION**

1. Jurisdiction over Defendants' Counterclaim against Sierra is premised upon 28 U.S.C. §§ 1367, 1332, and 2201.

5

## PARTIES

2. FirstInsure, Inc. is a Nebraska corporation, with its principal place of business in Lincoln, Nebraska.

3. Nolan is a resident of Nebraska.

4. FirstInsure does business as U.S. Insurance News.

5. Sierra is a California corporation, with its principal place of business in Glendale, California.

## BACKGROUND

6. On November 3, 2006, US Insurance News, a subsidiary of FirstInsure, Inc. ("FirstInsure) entered into a Group Booking Contract (the "Contract") with Caribe Royale Orlando ("Caribe") regarding several suites at Caribe's facility in Orlando, Florida, covering the period of May 16, 2007 – May 20, 2007. A true and correct copy of the Contract is attached hereto as Exhibit "A."[2]

7. Caribe prepared the Contract.

8. On April, 16, 2007, FirstInsure notified Caribe that it was canceling the Contract.

9. The Contract contains a liquidated damages provision, which provides that if FirstInsure cancels the Contract "From 89 days to 0 days prior" the "Amount of Liquidated Damages Due" is "$91,600 or 100% of total rooms revenue plus food and beverage revenue." *Id.* at 4 (emphasis added).

---

[2] The Contract is also attached to Sierra's Amended Complaint as Exhibit A.

10. The liquidated damages clause contained in the Contract is clearly ambiguous and is unclear as to the amount of liquidated damages due in the event of a breach.

11. Specifically, the Contract fails to specify precisely how "100% of total rooms revenue" is to be calculated. Indeed, given that no rooms were paid for under the Contract, the "total rooms revenue" would appear to be zero.

12. Further, the Contract does not specify which party has the option of determining the appropriate formula to apply in the event of a breach.

13. Specifically, the contract does not specify whether Sierra or FirstInsure has the option of utilizing the "100% of total rooms revenue" formula in the event of a breach.

14. Additionally, the liquidated damages provision in the Contract states that "the highest dollar amount in the chart . . . <u>reasonably estimates</u> The Resort's harm for a <u>last minute cancellation</u> . . . ." *Id.* at 3. (emphases added).

15. FirstInsure's cancellation took place 30 days prior to the scheduled booking, and therefore, the liquidated damages set forth in the Contract simply do not represent a "reasonable estimate" of Caribe's harm.

16. In sum, the liquidated damages specified in the Contract are grossly disproportionate to any damages that might have been reasonably expected to follow from any breach thereof.

## COUNT I
## (DECLARATORY RELIEF)

17. Defendants incorporate herein by reference paragraphs 1 through 16 above.

18. This is an action for declaratory relief regarding the terms of a Contract between Sierra and FirstInsure.

19. There is a bona fide, actual, present practical need for a declaration regarding the terms of the Contract and FirstInsure's obligations thereunder.

20. The conflict between Defendants and Sierra regarding the terms of the Contract is real and immediate and the parties are clearly adverse.

21. The declaration requested deals with an ascertainable set of facts.

**WHEREFORE**, Defendants respectfully request the Court to enter an Order:

a) granting summary final judgment in favor of Defendants declaring that the liquidated damages provision contained in the Group Booking Contract is ambiguous and that Sierra is not entitled to any liquidated damages from FirstInsure;

b) dismissing Sierra's Amended Complaint with prejudice;

c) directing that Defendants shall go hence without day;

d) awarding Defendants its costs of this action; and

e) reserving jurisdiction to determine Defendants' entitlement to an award of attorneys' fees and costs.

Respectfully submitted this 5th day of November, 2007.

**/s/ MICHAEL D. PORTER**
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rmitchell@gray-robinson.com
MICHAEL D. PORTER, ESQ.
Florida Bar No.: 31149
mporter@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

**/s/ MICHAEL D. PORTER**
MICHAEL D. PORTER, ESQ.

# 1176089 v1